# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TASH, | Case No. 1:14-cv-01318-AWI-GSA-HC |
| Petitioner, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| v. | (ECF No. 10) |
| RICK HILL, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On November 10, 2014, Petitioner filed a motion for appointment of counsel.

There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984).  However, Title 18 U.S.C. 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require."  See Rule 8(c), Rules Governing Section 2254 Cases.  The court should consider the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.  See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner argues that counsel should be appointed because of the complexity of the legal issues involved and the limited time he has available to access the prison law library.  While

1

limited access to the law library may be grounds for equitable tolling, it does not entitle Petitioner to the appointment of counsel. When a petitioner proceeding with a petition for writ of habeas corpus has a "good understanding of the issues and the ability to present forcefully and coherently his contentions," then no attorney is required. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987) (citing Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838, 105 S.Ct. 137, 83 L.Ed.2d 77 (1984)). Petitioner's petition coherently states a number of grounds of ineffective assistance of counsel, prosecutorial misconduct, and insufficiency of evidence. In the present case, the Court does not find that the interests of justice require the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   **November 14, 2014**            /s/ Gary S. Austin
                                        UNITED STATES MAGISTRATE JUDGE