# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LARON TASH,<br><br>    Petitioner,<br><br>    v.<br><br>RON RACKLEY[1],<br><br>    Respondent. | Case No. 1:14-cv-01318-AWI-GSA-HC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING RESPONDENT'S MOTION TO DISMISS, PETITIONER'S MOTION FOR EVIDENTIARY HEARING, AND PETITIONER'S MOTION MAKING PRIMA FACIE SHOWING |

    Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    In the instant petition, Petitioner challenges his 1999 conviction sustained in Fresno County Superior Court for second degree murder, involuntary manslaughter, and two counts of attempted murder. Petitioner was sentenced to an indeterminate state prison term of 15 years to life plus a consecutive determinate state prison term of 35 years, 8 months. (LD[2] 1). On April 26, 2001, the California Court of Appeal, Fifth Appellate District modified the sentence to award Petitioner 32 additional days of presentence conduct and worktime credit and affirmed the judgment as modified. (LD 2). The California Supreme Court denied Petitioner's petition for review without comment on July 11, 2001. (LD 4). Petitioner has filed 15 *pro se* habeas

---

[1] Ron Rackley is the new Warden at Folsom State. Ron Rackley will be substituted as the Respondent in this matter pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.
[2] "LD" refers to the documents lodged by Respondent on March 6, 2015.

1

petitions. (LDs 5-37).

Petitioner previously filed a prior federal petition for writ of habeas corpus in this district with respect to this judgment. See Tash v. Adams, Case No. 1:02-CV-06233-WMW. In that action, the court denied the habeas petition on the merits on January 30, 2006. The court denied Petitioner's request for a certificate of appealability. The Ninth Circuit denied Petitioner's request for a certificate of appealability to appeal the January 30, 2006 denial by the district court. Subsequently, Petitioner asked the Ninth Circuit for permission to file a second or successive petition, but that request was denied on May 26, 2006. Petitioner filed the instant petition on August 16, 2014. Respondent filed a motion to dismiss, Petitioner filed an opposition to the motion to dismiss, Respondent filed a reply, and Petitioner filed an opposition to the reply.[3]

**I.**

**DISCUSSION**

**A. Procedural Grounds for Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery v. Pulley, 533 F. Supp. 1189, 1194, n. 12 (E.D. Cal. 1982).

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. §

---

[3] Generally, a Petitioner is not entitled to file an opposition to a Respondent's reply to the opposition to a motion to dismiss. However, in this case, the Court has reviewed Petitioner's opposition to Respondent's reply to the opposition to the motion to dismiss.

2244(b)'s proscription against successive petitions and 28 U.S.C. § 2244(d)(1)'s one-year limitations period. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default, and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

**B. Successive Petition**

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements.

Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997).

Because the instant petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to it. Lindh v. Murphy, 521 U.S. 320, 327 (1997). Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking his conviction. As previously stated, Petitioner previously filed a federal petition for writ of habeas corpus in this Court on

challenging the same conviction. See Tash v. Adams, Case No. 1:02-CV-06233-WMW. The petition was denied on the merits. Therefore, the instant petition challenging the same conviction is successive. Even though Petitioner claims he is actually innocent, his petition is still successive and he must receive authorization from the Ninth Circuit to bring the petition. As Petitioner has not obtained prior leave from the Ninth Circuit to file this successive petition, this Court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under Section 2254 and must dismiss the petition. See Greenawalt, 105 F.3d at 1277. As Petitioner has not yet obtained the requisite order from the Ninth Circuit allowing the filing of this second or successive petition, any argument about an equitable exception to the limitations period is immaterial at this time.

**C. Evidentiary Hearing**

Petitioner requests an evidentiary hearing. (ECF No. 22). Based upon a review of the record, the Court has determined that the instant petition is successive. Therefore, the petition must be dismissed. An evidentiary hearing would serve no purpose in this matter, as it is clear that the instant petition is a second or successive petition that the Petitioner has not obtained prior leave from the Ninth Circuit to file. Thus, Petitioner's request for an evidentiary hearing must be denied.

**D. Motion Making *Prima Facie* Showing by Expert Opinion**

On June 12, 2015, Petitioner filed a motion making *prima facie* showing by expert opinion. (ECF No. 31). In the motion, Petitioner makes additional arguments in support of his claim of actual innocence qualifying him for an equitable exception to the limitations period. As previously discussed, the petition must be dismissed for being successive and any arguments about actual innocence for an equitable exception to the limitations period are immaterial at this time. Therefore, the motion must be denied.

**II.**

**RECOMMENDATIONS**

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss be GRANTED;

2. The petition for writ of habeas corpus be DISMISSED as successive;

3. Petitioner's request for an evidentiary hearing be DENIED; and

4. Petitioner's motion making *prima facie* showing by expert opinion be DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.  The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**July 24, 2015**__           _____**/s/ Gary S. Austin**_____
                                         UNITED STATES MAGISTRATE JUDGE

5